THE STATE OF OHIO, APPELLEE, *v.* WAITE ET AL., APPELLANTS.

[Cite as State v. Waite (1971), 27 Ohio App. 2d 187.]

(No. 421—Decided April 7, 1971.)

*Mr. Jack M. Kinney,* city prosecutor, and *Mr. Phillip A. Baird,* for appellee.

*Messrs. Oberholtzer & Oberholtzer,* for appellants.

188

VICTOR, J. The defendants, Darrell L. Waite and Gerald H. Porter (appellants herein), were found guilty, in separate trials, by the Medina Municipal Court, sitting without a jury, of violating, on April 10, 1970, Medina city ordinance section 70.27 (penalty section 70.199), which prohibits drag racing.

The facts in each case are similar. The defendants have consolidated their appeals, asserting that the judgment of the trial court is contrary to law, in that:

"1. Medina city ordinance 70.27 and 70.199 are unconstitutional in that they violate Section 1 Article 5 and Section 3 Article 18 of the Ohio Constitution and that further they violate [Section] 4511.06 of the Ohio Revised Code.

"2. Defendants-appellants are not guilty because the state did not prove beyond a reasonable doubt that they committed the offenses in question within the city limits of Medina, as required by [Section] 2938.10 Ohio Revised Code."

Section 70.27 of the ordinance is identical with the drag racing section of R. C. 4511.251, excepting that the penalties which may be imposed vary widely. Under the ordinance, a violator shall be given a fine not to exceed fifty dollars, and a license suspension not to exceed six months. In addition, pursuant to R. C. 4507.16, in a prosecution under the ordinance, a license suspension shall be imposed, and:

"The trial judge of any court of record shall * * * and in addition to, or independent of, all other penalties provided by law or by ordinance, impose a suspended jail sentence not to exceed six months, providing that imprisonment was not imposed for the offense for which the person was convicted."

The penalty for violating R. C. 4511.99(D) shall be a fine not to exceed five hundred dollars or imprisonment for not more than six months, or both.

Each defendant was fined fifty dollars and costs, pursuant to the ordinance, and, pursuant to R. C. 4507.16, his license was suspended for thirty days, and a suspended jail sentence of fifteen days was imposed.

The defendants contend that if tried under R. C. 4511.-251 they would be entitled to a jury trial, and, if tried under the ordinance, they are not entitled to the benefits of a jury trial. We must assume, however, that defendants were aware of the penalty prescribed by R. C. 4507.16, requiring the imposition of the suspended jail sentence. Reading this section in connection with the ordinance, defendants would be entitled to a jury in the Municipal Court, if demanded, and a failure to demand such jury trial constitutes a complete waiver thereof. R. C. 1901.24. Defendants did not demand jury trials. We conclude, therefore, that the contention of the defendants that they were deprived of a trial by jury is without merit.

It is obvious, however, that there is a wide disparity between the penalties which shall be imposed under the ordinance, and those which shall be imposed under the statute prohibiting drag racing. Defendants contend, therefore, that the ordinance violates Section 3, Article XVIII of the Ohio Constitution in that it is in conflict with the general statutory law providing for penalties for drag racing.

It has been held in a number of cases, however, that, where municipal ordinances are analogous to state statutes in all except punishment, or are analogous except as to the omission of one element of an offense, these differences do not amount to a conflict with the general law of Ohio.

*Toledo* v. *Best*, 172 Ohio St. 371, and *Columbus* v. *Barr*, 160 Ohio St. 209.

Defendants refer this court to R. C. 4511.06, which provides:

"Sections 4511.01 to 4511.78, inclusive, 4511.99 and 4513.01 to 4513.37, inclusive, of the Revised Code shall be applicable and uniform throughout this state and in all political subdivisions and municipal corporations therein, and no local authority shall enact or enforce any rule or regulation in conflict with such sections."

This language is clear and unambiguous, expressing a legislative intention that not only the acts prohibited, under R. C. chapter 4511, but the potential penalty which shall be

imposed for committing them, shall be the same whether under ordinance or statute. This section requires that the traffic laws relating to the operation of motor vehicles (R. C. chapter 4511), and those relating to equipment and loads (R. C. chapter 4513), shall be applicable and uniform throughout the state. It specifically requires that all penalties pertaining to the violation of traffic laws relating to the operation of motor vehicles (R. C. 4511.99), shall be uniform, and that no local authority shall enact or enforce any rule in conflict with that section.

It will be noted that the Legislature did not include in the prohibition the corresponding penalty section, R. C. 4513.99, for violation of the provisions of R. C. chapter 4513. This evidences a clear legislative intent that both the acts constituting violations of law pertaining to the operation of motor vehicles upon the highways of this state, and the range of penalties for violations, should be the same under state law as well as municipal ordinance.

The ordinance is, therefore, in conflict with the state statute and, hence, is invalid.

Finding as we do in this regard, it is unnecessary to consider the argument of the defendant, Gerald H. Porter, as to whether or not he was inside the city limits.

The judgment in each case will be reversed and final judgment will be entered in each case for the defendant (appellant).

Judgments reversed and final judgments entered.

*Judgments reversed.*

DOYLE, P. J., and BRENNEMAN, J., concur.