CITY OF COLUMBUS, APPELLEE, *v.* MOLT, APPELLANT.

(No. 72AP-345—Decided March 6, 1973.)

*Mr. James J. Hughes, Jr.,* city attorney, *Mr. Daniel W. Johnson,* prosecuting attorney, and *Ms. Phyllis Kunkler,* for appellee.

*Mr. Duane F. Lantz,* for appellee.

TROOP, P. J. This appeal is from a judgment entered pursuant to a jury verdict on October 20, 1972, in the Franklin County Municipal Court. The defendant, and appellant herein, Clifford F. Molt, Jr., was tried by a jury upon affidavits charging him with a violation of R. C. 4511.-02 (failure to comply with a lawful order of a police of-

ficer) and for a violation of C. C. 2133.03 (reckless operation of a motor vehicle).

Since the jury returned a verdict of not guilty on the failure to comply charge, we are concerned only with the charge of reckless operation under the Columbus code. The appeal is predicated upon five formal assignments of error, the first two of which may be considered together, and the last three, being related, will be considered together.

Essentially, defendant urges that C. C. 2133.03 and its associated penalty section, C. C. 2133.99 (c), are unconstitutional in that they violate Section 3, Article XVIII of the Ohio Constitution, in that they are in conflict with the general statutory law—more specifically, the law providing a penalty for the reckless operation of a motor vehicle. Counsel for defendant urges, also, and even more particularly, that the Columbus city code sections conflict with the provisions of R. C. 4511.06.

Section 3, Article XVIII of the Ohio Constitution, confers on municipalities the power of self-government, including the right to adopt and enforce regulations in the exercise of the local police power, provided those regulations are such "as are not in conflict with general laws." This matter of conflict between local ordinance and general laws has been troublesome for a period of some years. We can narrow our discussion of the problem of conflict by calling attention to a decision of the Supreme Court in the case of *Village of Struthers* v. *Sokol* (1923), 108 Ohio St. 263. Paragraph three of the syllabus lays down the basic rule. It states as follows:

"A police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the general law, or because certain specific acts are omitted in the ordinance but referred to in the general law, or because different penalties are provided for the same acts, even though greater penalties are imposed by the municipal ordinance."

This latter clause in the syllabus would appear to dispose of our present problem in very short order. Plain-

tiff, the city of Columbus, relies heavily upon the decision in *Struthers*. The city also cites and relies on a number of other decisions which, when examined, reveal that they do not deal directly with the problem confronting this court, but with some other facet of the conflict question.

The question before this court is limited to a consideration of an existing conflict between the penalty sections of the laws pertaining to the operation of motor vehicles as they appear in ordinance and statutory form. The basic language defining the offense charged in the instant case is essentially the same in both statute and ordinance. The conflict upon which defendant relies is strictly and narrowly between the penalty sections of the statute and the ordinance involved.

Attention is at this point necessarily directed to R. C. 4511.06, referred to frequently as the uniform traffic law, the language of which is as follows:

"Sections 4511.01 to 4511.78, inclusive, 4511.99 and 4513.01 to 4513.37, inclusive, of the Revised Code shall be applicable and uniform throughout this state and in all political subdivisions and municipal corporations therein, and no local authority shall enact or enforce any rule or regulation in conflict with such sections."

It is significant that decisions in several cases where municipal ordinances are analogous to state statutes, except as to the penalties that were imposed or the omission of a single element of an offense, have found no conflict between the ordinance and the general law of Ohio. Examples of such decisions appear in *City of Columbus* v. *Barr* (1953), 160 Ohio St. 209, and *City of Toledo* v. *Best* (1961), 172 Ohio St. 371. The decisions in these cases, and others similar thereto, are not, however, squarely in point with regard to this discussion.

An Ohio decision which meets the point involved is found in *State* v. *Waite* (1971), 27 Ohio App. 2d 187, from the ninth appellate district. The decision in *Waite* was rendered after the enactment of R. C. 4511.06, the uniform traffic law, in its present form. The present form of the act is significantly different from that of its predecessor, G. C.

6307-1, etc. The act, effective October 1, 1953, carefully spells out the sections of the Revised Code to which the requirement of uniformity is applicable. It must be noted that R. C. 4511.06 is made applicable specifically to sections in Chapter 4511, which is concerned with the operation of motor vehicles. The sections named are 4511.01 to 4511.78, inclusive, and the penalty section of the chapter, 4511.99, is listed separately. The inclusion of the penalty section appears to be more meaningful when it is observed that R. C. 4511.06 also recites sections in Chapter 4513 dealing with the matter of equipment and loads, i. e., 4513.01 to 4513.37, inclusive, but it does not include the penalty section, R. C. 4513.99. The legislature, having carefully distinguished the two chapters subjected to the uniformity rule (including the penalty section in one instance and omitting it in the other), seems to have made clear its intention to make penalties that are imposed by ordinances dealing with the operation of motor vehicles uniform throughout the state. The syllabus in *Waite* succinctly states what that court believes to be the rule presently existing in Ohio. It states:

"Pursuant to R. C. 4511.06, penalties (R. C. 4511.99) for motor vehicles violations under R. C. 4511 shall be uniform throughout the state and in all political subdivisions and municipal corporations, and no local authority shall enact or enforce any rule in conflict with such sections.

"A municipal ordinance which attempts to change the range or penalties for such violations is invalid."

The *Waite* decision might well be dispositive of the question presented to this court except that the Ohio Supreme Court has also spoken since the enactment of R. C. 4511.06, effective October 1, 1953, in the case of *Village of West Jefferson* v. *Robinson* (1965), 1 Ohio St. 2d 113. The pertinent rule announced is that in paragraph three of the syllabus, which reads as follows:

"The words 'general laws' as set forth in Section 3 of Article XVIII of the Ohio Constitution means statutes setting forth police, sanitary or similar regulations and not statutes which purport only to grant or to limit the

legislative powers of a municipal corporation to adopt or enforce police, sanitary or other similar regulations."

In the development of its decision, the Supreme Court relies upon, and quotes at length from its decision in *City of Youngstown* v. *Evans* (1929), 121 Ohio St. 342. The decision in *Youngstown* is concerned with the conflict between a city ordinance and G. C. 3628 (R. C. 715.67). Both the General Code and Revised Code enactments are essentially alike. The latter one reads as follows:

"Any municipal corporation may make the violation of any of its ordinances a misdemeanor, and provide for the punishment thereof by fine or imprisonment, or both. The fine, imposed under authority of this section, shall not exceed five hundred dollars and imprisonment shall not exceed six months."

The Youngstown ordinance carried a penalty in excess of that provided in G. C. 6212.17, the effect of which was to present the same question to the Supreme Court as is presently before this court. In its decision in *West Jefferson, supra,* at page 117, the Supreme Court quotes from *Youngstown* as follows:

"* * * municipalities derive their authority to enact municipal legislation relating to minor offenses directly from the Constitution, limited only by the proviso that such municipal legislation shall not conflict with general laws. Section 3628 is a general law in the limited sense that it operates uniformly throughout the state. It is not a general law in the sense of prescribing a rule of conduct upon citizens generally. It is a limitation upon lawmaking by municipal legislative bodies. * * *"

Further, at 117, the quote reads:

"* * * Manifestly such a law [G. C. 3628] would not be effective to take away the power conferred upon municipalities by the plain provisions of the Constitution. * * *"

(*Youngstown* also cites and relies upon a decision in *City of Fremont* v. *Keating* [1917], 96 Ohio St. 468.)

The pronouncements of the Supreme Court, as noted, require that this court hold the Columbus ordinance, C. C. 2133.03, and its penalty section, C. C. 2133.99, not to be in

conflict with the general law of Ohio, and therefore valid. This conclusion, of course, puts this court's decision directly in conflict with the decision of the Court of Appeals for Medina County in the *Waite* case, to which reference has been made herein.

Defendant's three remaining assignments of error are addressed to comments made by the trial court in connection with the sentencing of the defendant. The pertinent portion of the court's comments, beginning at page two of the partial transcript, is as follows:

"* * * I want to say that I have deep feelings about our system of justice. I think its the very best that we possibly could have. But, to work, it is based upon the presumption that a jury will be able to listen to witnesses, both from the prosecution and the defense, all speaking the truth, and having twelve impartial jurors listening to the true facts that they will be able to arrive at a just verdict. When the jurors do not receive the true facts, then you will not get justice.

"I have to be frank with you, Mr. Molt. I do not feel that the jury received the true facts from the defense in this case.

"Now, I am not complaining with the verdict that the jury arrived at, based upon the evidence that was presented, and my statement to you that I do not believe that the jury received the true facts from the defense is based partially upon my personal knowledge of circumstances."

No one can doubt the sincerity and conscientiousness of the trial court in the instant case. The trial court is a most devoted public servant and a judge who would strive in every situation to provide a defendant with a fair and impartial trial. The court's comments as to "my personal knowledge of circumstances" are therefore most unfortunate.

It should be noted that the comments of the trial court came after the jury had returned its verdict. It cannot be said, therefore, that the jury was influenced by the comments of the court. It is possible only, therefore, that the feeling or information which had come to the trial court

might prejudice his position at the point of the imposition of a penalty.

Insofar as defendant's assignments of error numbered three, four, and five are pertinent to possible prejudice in the matter of the penalty imposed, they are sustained, but, inasmuch as the comments of the court could not possibly have influenced the result reached by the jury, the assignments of error are overruled.

The verdict and judgment of the trial court is affirmed.

Inasmuch as this decision is in conflict with that of the ninth appellate district, in *State* v. *Waite* (1971), 27 Ohio App. 2d 187, this decision is certified to the Supreme Court of Ohio.

The judgment of the trial court is reversed as to the penalty imposed and will be remanded to the trial court for resentencing by another member of the court when the Ohio Supreme Court has disposed of the question raised by reason of conflict and certification.

*Judgment accordingly.*

STRAUSBAUGH and REILLY, JJ., concur.